## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| **MARIA D. RUSSELL** | : | |
| **14 Rosland Court** | : | |
| **Pikesville, MD 21208** | : | |
|  | : | |
| **Plaintiff,** | : | CIVIL ACTION NO. |
|  | : | |
| **v.** | : | |
|  | : | Jury Trial Requested |
| **THE DISTRICT OF COLUMBIA** | : | |
| **A Municipal Corporation** | : | |
| **1350 Pennsylvania Ave., N.W. Ste. 409** | : | |
| **Washington, DC 20004** | : | |
|  | : | |
| **Defendant**. | : | |

---

### CIVIL COMPLAINT

Plaintiff, Maria D. Russell ("Ms. Russell" or "Plaintiff"), by and through her undersigned counsel, files this Complaint for damages against the Government of the District of Columbia ("District"), alleging as follows:

### JURISDICTION AND VENUE

1.      This Complaint is authorized and instituted pursuant to § 107 of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117, 42 U.S.C. § 2000e, the District of Columbia Human Rights Act ("DCHRA"), the District of Columbia Family and Medical Leave Act ("DCFMLA"), and §107 of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 117 and, as this Complaint asserts a claim arising under the laws of the United States, this Court has original jurisdiction over that claim. The Complaint also alleges claims arising under state law over which this Court has pendent jurisdiction.

2.      Venue is proper in this judicial district as the claims alleged in this Complaint occurred within this judicial district and Defendant is a government employer who is subject to the jurisdiction of this Court.  In addition, essentially all of the relevant events alleged and the wrongful actions complained of herein have occurred within the jurisdictional boundaries of the District of Columbia.

## PARTIES

3.      Plaintiff Maria Russell is a resident of the Baltimore County, Maryland, 14 Rosland Court, Pikesville, MD 21208-2880. Ms. Russell is a citizen of the United States of America.

4.      Defendant, the District of Columbia, is a municipal corporation authorized to sue and be sued.  In all actions of which Ms. Russell here complains, the defendant District has acted through the District of Columbia Department of Housing and Community Development ("DHCD").   At all times relevant to this Complaint, Defendant was an "employer" within the meaning of the ADA, FMLA,  the Rehabilitation Act of 1973, Title VII and the DCHRA and the District of Columbia Family and Medical Leave Act ("DCFMLA"), as well as the District of Columbia Human Rights Law.

## ADMINISTRATIVE PROCEDURES

5.      On March 1, 2016, Plaintiff timely filed her Charge of Discrimination against Defendant with the U.S. Equal Employment Commission and the Government of the District of Columbia Department of Housing and Community Development and human, alleging that she had suffered unlawful employment discrimination on the basis of her protected disability, relapsing remitting multiple sclerosis.

6.      Plaintiff received an Advance Written Notice of Proposed Removal via hand

delivery on October 16, 2015 and an Administrative Review of Advance Written Notice of

Proposed Removal in the matter of DC Department of Housing and Community Development v.

Maria D. Russell via e-mail from Jason C. Botep, Assistant General Counsel, Department of

Disability Services on November 16, 2016.  Plaintiff received a Dismissal and Notice of Rights

letter on April 23, 2016.   This lawsuit was commenced within 90 days of receipt of Plaintiff's

receipt of her "right to sue" letter.


**FACTUAL BACKGROUND**

7.      Plaintiff is a Black, African-American, female, who suffers from relapsing

remitting multiple sclerosis ("RRMS") RRMS is a disability that impairs her everyday functions.

8.      Plaintiff began working for Defendant on October 6, 2003, as a Compliance

Specialist.

9.      As early as October 2008, Plaintiff made Defendant aware of her disability.

10.     On October 22, 2012, due to complications from Plaintiff's disability, Sara E.

Benjamin, M.D., Plaintiff's physician at Maryland Neurological Center, LLC, instructed Plaintiff

that it was her medical recommendation that Plaintiff be placed on medical leave from her duties

with Defendant.

11.     Plaintiff submitted a Treatment Plan dated October 19, 2012, from Dr. Benjamin

to Georgette Benson, Manager of the Portfolio Asset Management Division for Defendant.

12.     The Treatment Plan noted that Plaintiff would need to be placed on short-term

disability for the treatment of her RMMS.

13.     Upon information and belief, Ms. Benson submitted the Treatment Plan to Robert L. Trent, Chief Administrative Officer of Defendant.

14.     Plaintiff was instructed that she would be placed under DC FMLA leave because that was what the District utilized for an employee requiring extended leave for medical treatment.

15.     Plaintiff completed all required forms for DC FMLA leave and was approved for the leave.

16.     Plaintiff's last day at work was October 26, 2012.

17.     Plaintiff continued to update Defendant of her progress with treatment on a regular basis.

18.     According to correspondence provided to Plaintiff by Defendant, Plaintiff exhausted her DC FMLA leave in February 2013.

19.     Plaintiff received correspondence from Defendant on numerous occasions concerning her inability to work and the contention by Defendant that Plaintiff had exhausted her DC FMLA benefits.

20.     As early as October 13, 2008, Dr. Benjamin had provided notification to Defendant of a reasonable accommodation that could be made to allow Plaintiff to work for Defendant.  Dr. Benjamin instructed Defendant that in Dr. Benjamin's best judgement, Plaintiff "should continue to work purely in the office settings."

21.     At the time, the majority of Plaintiff's work was performed in the office setting.

22.     At no time did Defendant provide, or discuss providing with Plaintiff, ADA benefits to Plaintiff that would have provided her more options and greater rights than the DC FMLA for a qualified individual with a physical disability.

23.     Though both Plaintiff and her physician were willing participants, at no time did Defendant initiate or engage Plaintiff in the ADA informal interactive process.

24.     At no time did Defendant meet with Plaintiff to discuss the obligations of the ADA for both the employer and employee.

25.     At no time did Defendant meet with Plaintiff to learn the exact limitations of her physical disability.

26.     At no time did Defendant engage Plaintiff to meet to determine the types of effective reasonable accommodations' available under Title 29 § 1630.2(3)(m) that may have allowed Plaintiff to perform the essential functions of her position.

27.     At no time did Defendant engage Plaintiff to analyze the twenty (20) duties listed on her Job Description to classify which duties were essential.

28.     At no time did Defendant exchange correspondence with Plaintiff regarding the ADA informal interactive process, even though Plaintiff was an ADA qualified employee.

29.     At no time did Defendant exchange telephone calls with Plaintiff regarding the ADA informal interactive process, even though Plaintiff was an ADA qualified employee.

30.     Though Defendant made contact with Plaintiff on September 26, 2014, June 4, 2015, October 16, 2015, and November 16, 2015, at no time did Defendant ever provide rights under the ADA to which Plaintiff was entitled.

31.     On November 16, 2015, Plaintiff received a Notice of Termination.

32.     Plaintiff has suffered immediate economic losses.

33.     Plaintiff was interfered with and restrained in exercising her rights under the ADA, FMLA, and the DCFMLA.

34.     RRMS diagnosed January 27, 1995, Plaintiff suffered from RRMS, a statutorily protected disability under the ADA and the DCHRA.

35.     Plaintiffs disability was a motivating factor in the decision to terminate her employment.

36.     The reasons articulated by Defendant for Plaintiffs termination are false and pretextual.

37.     As a result of the above-stated actions, Plaintiff has suffered economic and non-economic damages, including, but not limited to, lost wages and medical benefits, loss of prestige, severe emotional distress, medical expenses, attorney's fees and costs related to this lawsuit.

## COUNT I

## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

38.     Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 37 above.

39.     At all times relevant to this Complaint, Plaintiff suffered from RRMS, a physical impairment that affected one or more of her major life activities within the meaning of § 3(2) ofthe ADA, 42 U.S.C. § 12102(2).

40.     At all times, Plaintiff was a "qualified individual with a disability" within the meaning of § 101(8) ofthe ADA, 29 U.S.C. § 12111(8).

41.     At no time during her employment did Defendant ever discuss with Plaintiff what steps could be taken to reasonably accommodate Plaintiffs protected disability.

42.     Defendant failed at all times relevant to this Complaint to take any actions to reasonably accommodate Plaintiff's protected disability.

43.     In November 2015, Plaintiff was terminated, suffering immediate economic losses and loss of job status and prestige.

44.     Plaintiffs protected disability was a motivating factor in the decision to terminate Plaintiff's employment.

45.     The reasons articulated by Defendant for Plaintiffs termination are false and pretextual.

46.     Defendant terminated Plaintiff in violation of § 1 02(a) of the ADA, 42 U.S.C. § 12111(a).

47.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered loss of wages, loss of medical benefits, mental anguish, emotional distress, personal humiliation, indignity, embarrassment, inconvenience, stigma, pain and suffering and damages to her personal and professional reputations, justifying an award including but not limited to damages for emotional distress, compensatory, punitive and consequential damages against Defendant, as well as attorney's fees and costs as a result of suffering discrimination by Defendant in violation of the ADA.

## COUNT II

## DISABILITY DISCRIMINATION IN VIOLATION OF THE DCHRA

48.     Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 47 above.

49.     At all times relevant to this Complaint, Plaintiff suffered from RRMS, a physical impairment that affected one or more of her major life activities within the meaning of § 2-1401.02(5A) of the District of Columbia Human Rights Act of 1977 ("DCHRA"), D.C. Code Ann.§ 2-1401.02(5A).

50.     At all times, Plaintiff was a "qualified individual with a disability" within the meaning of that statute.

51.     Defendants' conduct has been intentional, deliberate and willful and in callous disregard of Plaintiff's rights.

52.     At no time during her employment did Defendant ever discuss with Plaintiff what steps could be taken to reasonably accommodate Plaintiffs protected disability.

53.     Defendant failed at all times relevant to this Complaint to take any actions to reasonably accommodate Plaintiffs protected disability.

54.     In November 2015, Plaintiff was terminated, suffering immediate economic losses and loss of job status and prestige.

55.     Plaintiffs protected disability was a motivating factor in the decision to terminate Plaintiff's employment.

56.     The reasons articulated by Defendant for Plaintiffs termination are false and pretextual.

57.     Defendant terminated Plaintiff in violation of § 2-1401.11 of the DCHRA, D.C. Code Ann.§ 2-1401.11.

58.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered loss of wages, loss of medical benefits, mental anguish, emotional distress, personal humiliation, indignity, embarrassment, inconvenience, stigma, pain and suffering and damages to her personal and professional reputations, justifying an award including but not limited to damages for emotional distress, compensatory, punitive and consequential damages against Defendant, as well as attorney's fees and costs as a result of suffering discrimination by Defendant in violation of the DCHRA.

## COUNT III

## DISABILITY DISCRIMINATION IN

## VIOLATION OF THE REHABILITATION ACT OF 1973

59.     Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 58 above.

60.     At all times relevant to this Complaint, Plaintiff suffered from RRMS, a physical impairment that affected one or more of her major life activities within the meaning of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq*.

61.     At all times, Plaintiff was a "qualified individual with a disability" within the meaning of that statute.

62.     Defendants' conduct has been intentional, deliberate and willful and in callous disregard of Plaintiff's rights.

63.     At no time during her employment did Defendant ever discuss with Plaintiff what steps could be taken to reasonably accommodate Plaintiffs protected disability.

64.     Defendant failed at all times relevant to this Complaint to take any actions to reasonably accommodate Plaintiffs protected disability.

65.     In November 2015, Plaintiff was terminated, suffering immediate economic losses and loss of job status and prestige.

66.     Plaintiffs protected disability was a motivating factor in the decision to terminate Plaintiff's employment.

67.     The reasons articulated by Defendant for Plaintiffs termination are false and pretextual.

68.     Defendant terminated Plaintiff in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq.

69.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered loss of wages, loss of medical benefits, mental anguish, emotional distress, personal humiliation, indignity, embarrassment, inconvenience, stigma, pain and suffering and damages to her personal and professional reputations, justifying an award including but not limited to damages for emotional distress, compensatory, punitive and consequential damages against Defendant, as well as attorney's fees and costs as a result of suffering discrimination by Defendant in violation of the Rehabilitation Act of 1973.

## COUNT IV

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

70.     Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 69 above.

71.     Defendant had a duty to ensure that Plaintiff would not suffer discriminatory conduct due to her disability.  Defendant in failing to adequately consider, investigate, and resolve Plaintiff's request for reasonable accommodation, is in negligent breach of this duty and is directly responsible for Plaintiff's emotional distress and the resultant injuries.

72.     Defendant's negligent conduct is the direct cause of the Plaintiff's severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maria D. Russell respectfully prays that this Honorable Court grant the following relief:

(i)      Defendant's conduct is in violation of the ADA, DCHRA, DCFMLA, FMLA and Rehabilitation Act of 1973;

(ii) Defendant pays Plaintiff for compensatory, liquidated, back wages, emotional distress and anxiety damages;

(iii) Defendant reinstates Plaintiff's employment in the capacity that she would have been but for the illegal conduct of Defendant with appropriate raises and promotions that would have likely accrued;

(iv) Defendant pays Plaintiff's attorney fees and costs incurred in this action; and

(iv). Defendant pays such other and further relief to Plaintiff as the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial for all issues proper to be so tried.

Respectfully submitted on behalf of Plaintiff:

The Colvin Law Firm

July 21, 2016                    By: _____

Torrance J. Colvin                    #460407
7600 Georgia Avenue, NW
Suite 100N
Washington, DC  20012
PH  (202) 688-1300
Fax (202) 688-2772
tc@colvinlegal.com

*Counsel for Plaintiff*

11